UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APR 22 2026 AM 11:52
FILED - USDC - FLMD - TPA

JANE MELANIE PORTER,
    Plaintiff,

v.                  Case No.: 8:26-cv-1155-KKM-AAS

SOUND PHYSICIANS; PHYSICIANS CAPITAL, INC.,

    Defendants.

_____/

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jane Melanie Porter, proceeding pro se, sues Defendants and alleges:

I. **JURISDICTION AND VENUE**

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper in the Middle District of Florida because the unlawful employment practices occurred in Manatee County, Florida, and Defendants conducted business in this District.

4. Plaintiff exhausted administrative remedies and received a Notice of Right to Sue from the Equal Employment Opportunity Commission dated February 18, 2026.

5. A copy of the Notice of Right to Sue is attached as Exhibit A.

II. **PARTIES**

6. Plaintiff Jane Melanie Porter is a resident of Manatee County, Florida.

7. Plaintiff was employed by Defendants as a Certified Registered Nurse Anesthetist ("CRNA").

8. Defendant Sound Physicians is an employer doing business in Florida and Tennessee.

9. Defendant Physicians Capital, Inc. is an employer doing business in Florida.

### III. FACTUAL ALLEGATIONS

10. Plaintiff began employment with Defendants on August 23, 2023, as a CRNA.

11. In or around June 2024, Plaintiff notified Defendants that she was pregnant.

12. On or about September 19, 2024, Plaintiff entered into a W-2 employment arrangement at 0.5 FTE status.

13. Plaintiff communicated to Defendants that she wished to remain at 0.5 FTE during her pregnancy and through her maternity leave, with the intention of returning to full-time status thereafter.

14. Following an emergent cesarean section, interventional radiology treatment for significant bleeding, and the need for ongoing outpatient physical therapy, Plaintiff was medically unable to return to full-time work.

15. During Plaintiff's recovery period, Defendants presented Plaintiff with an ultimatum: return immediately to full-time work or transition to PRN status.

16. Plaintiff was physically unable to meet the demands of full-time work at that time due to her medical condition and recovery.

17. As a result of Defendants' ultimatum, Plaintiff was forced into PRN status, which resulted in a loss of stable hours, income, and employment benefits.

18. Defendants did not offer Plaintiff any reasonable alternative to maintain her employment status during her medically necessary recovery period.

19. Similarly situated employees who were not pregnant or recovering from serious medical conditions were not subjected to such ultimatums.

20. Defendants communicated that PRN shifts would be removed from PRN providers when full-time staff needed hours, and this policy was applied to Plaintiff in a manner that harmed her following pregnancy and medical leave.

21. Plaintiff is currently classified as PRN and has been undergoing re-credentialing, resulting in continued loss of income.

22. Plaintiff worked hours for Defendants for which she was not paid.

23. Defendants' payroll department confirmed in writing that Plaintiff was owed wages for hours worked.

24. Despite payroll's confirmation, Defendants refused to issue the wages owed to Plaintiff.

25. Defendants' actions caused Plaintiff to suffer lost wages, loss of PRN opportunities, emotional distress, and professional harm.

## IV. CLAIMS FOR RELIEF

**COUNT I**
Pregnancy Discrimination
(Title VII / Pregnancy Discrimination Act)

25. Plaintiff realleges paragraphs 1 through 25.

26. Defendants discriminated against Plaintiff on the basis of pregnancy and related medical conditions by failing to reasonably accommodate Plaintiff's pregnancy-related and post-delivery medical limitations, and by subjecting Plaintiff to adverse employment actions, including forcing her to transition to PRN status when she was medically unable to return to full-time work.

27. Defendants' conduct violated Title VII, as amended by the Pregnancy Discrimination Act.

**COUNT II**
Retaliation
(Title VII)

28. Plaintiff realleges paragraphs 1 through 25.

29. Plaintiff engaged in protected activity by requesting pregnancy-related protections and by taking medical leave related to her pregnancy.

30. Defendants retaliated against Plaintiff by denying PRN shifts and failing to timely re-credential Plaintiff, while allowing other CRNAs to continue working PRN.

31. Defendants' actions would deter a reasonable employee from exercising rights protected by Title VII.

**COUNT III**
Unpaid Wages
(Florida Law – Contract and Unjust Enrichment)

32. Plaintiff realleges paragraphs 1 through 25.

33. Defendants failed to pay Plaintiff wages for hours she worked.

34. Defendants' payroll department confirmed in writing that Plaintiff was owed wages for hours worked.

35. Defendants nevertheless refused to pay Plaintiff the wages owed, causing financial harm.

36. Defendants' failure to pay wages constitutes a breach of agreement and unjust enrichment under Florida law.

## V. **DAMAGES**

37. Defendants' actions caused Plaintiff to suffer lost wages, lost employment opportunities, emotional distress, and financial harm.

38. Defendants acted willfully and with reckless disregard for Plaintiff's federally protected rights.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award back pay and front pay;

B. Award compensatory damages;

C. Award punitive damages;

D. Award costs and any other relief permitted by law;

E. Order injunctive relief prohibiting further discrimination and retaliation; and

F. Grant such other relief as the Court deems just and proper.

## VII. **JURY DEMAND**

39. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Jane Melanie Porter
4926 Oyster Pearl Street
Lakewood Ranch, FL 34211
443-878-7659
jmpsocials26@gmail.com

Plaintiff, Pro Se

Date: April 18, 2026